JOHN H. CASHMAN, Appellee, v. E. I. Du PONT DE NEMOURS POWDER COMPANY, Appellant.

**MASTER AND SERVANT:** Negligence—Volunteer—Directing Verdict. Directed verdicts cannot be ordered when there is a fair conflict of evidence on issuable facts.

**MASTER AND SERVANT:** Negligence—Assumption of Risk—Pleading. (A) A plea of "assumption of risk *incident to the employment*" adds nothing whatever to a general denial.

(B) A plea of "assumption of risk incident to the master's negligence" is an affirmative defense and must be specially pleaded. (Sec. 3629, Code.)

**TRIAL:** Instructions—Refusal to Give—Issues Otherwise Covered—Contributory Negligence. The refusal of an instruction on contributory negligence is justified when the court fully directed the jury as to the duty of plaintiff to exercise reasonable care and directed a verdict against him if he did not.

**TRIAL:** Instructions Refused—Issues Otherwise Covered—Volunteer Servant. Instruction covering the question whether plaintiff was a volunteer, reviewed and held to fully cover the instruction refused.

**TRIAL:** Instructions—"Summing Up" Fact Propositions. It is fit and proper for the court, after the detailed instructions are given, to briefly and tersely "sum up" the fact propositions upon which recovery depends. Instruction in instant case held proper.

**MASTER AND SERVANT:** Care Required—Instructions. There is no essential difference between instructing that the master must furnish "reasonably safe machinery" and instructing that the master must exercise "reasonable care to furnish safe machinery."

**NEGLIGENCE:** Customary Way of Doing Act—Contributory Negligence per se. Contributory negligence per se cannot be pronounced on the act of doing a certain thing in the customary way and in the manner directed by the foreman in charge.

**DAMAGES:** **Excessive Verdict**—$1,950. Plaintiff when injured was under age, had had several months' experience in the defendant's shops, and was earning $1.65 per day. The injury caused the amputation of the fourth finger and part of the palm; he was eight days in the hospital and was unable to perform labor for some months. *Held,* verdict for $1,950 was not excessive.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

WEDNESDAY, MARCH 10, 1915.

ACTION to recover damages for personal injury. Judgment for plaintiff and defendant appeals.—*Affirmed.*

*J. E. Craig,* for appellant.

*Archer C. Miller, B. F. Jones* and *B. A. Dolan,* for appellee.

WEAVER, J.—The defendant is a manufacturer of powder kegs and plaintiff was employed in its service. At the time in question, plaintiff was operating what is known in the record as a head cutting machine, and while thus engaged, his hand was caught and severely injured in the press or stamp with which the sheet-iron heads for kegs were cut out. This injury he attributes to the negligence of the defendant in providing for this work a machine so worn and out of repair that a slight jar or motion would "trip" it or set it in motion, thereby rendering it unsafe and dangerous, and that while plaintiff was working upon and about said machine and in the exercise of reasonable care on his own part (the machine being thrown out of gear and supposed to be safe) it was jarred into gear and into motion, causing the injury of which he complains. The defendant denies any negligence on its part, and alleges that plaintiff's injury was caused by his own contributory negligence. The answer further alleges that plaintiff assumed the risk incident to his employment and knew and appreciated the dangers of the work he undertook to do, and is, therefore, not entitled to recover. There was

a trial to a jury and verdict and judgment for plaintiff in the sum of $1,950.

I. Error is assigned upon the ruling of the trial court in refusing to direct a verdict for the defendant. The grounds of the motion briefly stated were, that plaintiff had failed to prove any negligence on the part of defend-

1. MASTER AND SERVANT: negligence: volunteer: directing verdict.

ant; that he knew the condition of the machine with which he worked and was guilty of contributory negligence in using it; and that he undertook to use the machine as a mere volunteer without the knowledge or authority of his foreman.

There was no error in denying the motion, as none of the matters of fact therein stated and relied upon were admitted and none were established by undisputed evidence. There is evidence in the record tending to show that the machine was not and for a considerable period had not been in good order and was thereby rendered dangerous to the operator, also that plaintiff was authorized and directed by the foreman to use said machine and frequently did use it with both actual and implied consent of the foreman, and that he was not a mere volunteer. The truth of these things was for the jury to consider and determine, as was the further question as to whether plaintiff exercised reasonable care for his own safety.

II. Appellant also excepts to the failure of the court to charge the jury upon the law of assumption of risk as applied to the use of the alleged defective machine. Of this it must be said that the question of such assumption

2. MASTER AND SERVANT: negligence: assumption of risk: pleading.

of risk is not in the case. The defense of assumption of the risk arising from a master's negligence is an affirmative defense and to be available must be pleaded as such. The assumption of risk alleged in the answer in this case is expressly stated to be assumption of the risks "incident to the plaintiff's employment." Such assumption is incident to the contract of employment and the servant, as a matter of law, assumes the risks naturally and properly incident to the business or work when conducted by the master with reasonable care for the

safety of his employees and does not include the risk, if any, arising from the master's failure to perform his duty. Such assumption does not need to be pleaded and its allegation in an answer adds nothing to the issues which is not raised by a mere denial. Assumption of the risk of the master's negligence is a different matter and must be pleaded to be of any avail. It is not pleaded in this case. We have had several occasions to discuss this subject, notably in *Martin v. Electric Light Co.*, 131 Iowa 724, and in later cases in which that precedent has been cited and followed. Therefore, the trial court did not err in failing to instruct the jury in this respect as requested by defendant.

III. Nor was there any error in refusing the third request of the appellant upon the subject of contributory negligence. In the 4th, 8th, 9th, 10th, 13th and 16th paragraphs of the charge given by the court on its own motion, the duty of the plaintiff to exercise reasonable care for his own safety and that any failure of duty on his part in this respect would defeat his alleged right to recover damages was stated, repeated and emphasized, and the giving of the additional instruction asked for by appellant was in no manner necessary to the proper direction of the jury.

3. TRIAL: instructions: refusal to give: issues otherwise covered: contributory negligence.

IV. The same may be said of the point made by appellant that the court should have given an instruction asked upon the theory that plaintiff was a mere volunteer in the use of the machine and undertook to operate it without authority. Whether plaintiff was at work in the line of his duty or within the scope of his employment at the time of his injury was a matter of conflict in the evidence and therefore for the jury. The machine on which the plaintiff was injured was not the one on which he was regularly or most often employed. According to his testimony, it was a common habit or practice for him and another operator to change machines and this was done with the knowledge and approval of the foreman in charge. He also testified that the change on the day

4. TRIAL: instructions refused: issues otherwise covered: volunteer servant.

of the accident was made at the foreman's direction. On this subject he was corroborated to a considerable degree by other witnesses. These statements were denied by defendant's witnesses, though the foreman admitted that he sometimes directed the boys to change or work at different machines. Upon this subject, the court charged the jury as follows:

"If the jury finds from the evidence that in working at and operating the machine at which the plaintiff was injured, he, the plaintiff, was not within the line or scope of his employment or duty, and that the plaintiff had never been directed, or requested by the foreman in charge of the keg shop in question to operate what is called a head cutting machine, but that he, the plaintiff, voluntarily worked at and undertook to operate the head cutting machine in question, and in doing so was injured, then plaintiff cannot recover, and if the jury so finds from the evidence, then it will be the duty of the jury to return a verdict in favor of the defendant, even though the jury finds that the defendant was guilty of negligence substantially as alleged by the plaintiff."

In our view this fairly and sufficiently states the law as applicable to defendant's theory of the facts. Some criticism is directed against the use of the word "never" in the quoted paragraph. It is apparently employed by the court in the sense of "not" and must have been so understood by the jury, and when so read it states the rule of law as strongly in defendant's favor as it was entitled to demand.

V. The court also instructed the jury as follows:

"15. If the jury finds from a preponderance of the evidence that the plaintiff was acting in the line of this duty and employment when he was injured, and that the defendant was guilty of negligence in the manner substantially as alleged by the plaintiff, and that such negligence, if any, was the direct or proximate cause of his injury, without any negligence on the part of the plaintiff contributing thereto,

5. TRIAL: instructions: "summing up": fact propositions.

then plaintiff would be entitled to recover, but otherwise not."

The appellant objects that the instruction directs a finding for plaintiff and implies that plaintiff was not a volunteer, was not himself negligent and that defendant was negligent, and also that the instruction denies the defendant the benefit of the defense of assumption of risk. Concerning the last proposition we have already held that the defense of assumption of risk is not tendered by the answer. The other objections raised are clearly untenable. The instruction is merely the usual and proper summing up in brief and intelligible form of the substance of the fact propositions which, if established by the evidence, will entitle plaintiff to recover, and without which he must fail—and these were that he was acting in the line of his duty when injured, that the defendant was negligent as charged, that such negligence was the proximate cause of the injury complained of and that plaintiff was free from contributory negligence. It would be difficult to state the fundamental propositions in the case more tersely or more clearly. The instruction in no manner ignores defendant's claim that plaintiff was a volunteer or was himself negligent. All those matters had been given to the jury under appropriate instructions and the paragraph which counsel criticises necessarily implies their proper consideration by the jury in reaching its conclusion whether defendant was negligent as charged, whether plaintiff was thereby injured, whether plaintiff was acting in the line of his duty and whether he was exercising reasonable care for his own safety. The exception to this instruction must be overruled.

Again counsel says the court placed too heavy a burden upon defendant when it charged the jury that it is the duty of an employer to furnish reasonably safe machinery and appliances for the use of his employees. The criticism here offered seems to be that the employer is bound only to the exercise of reasonable care in this respect. But the two forms of expres-

6. MASTER AND SERVANT: care required: instructions.

sion are only different words for the same essential principle. If reasonable care has been exercised to make the place of work or the machinery or appliances safe for the use of the employee, then such place and machinery and appliances are reasonably safe within the meaning of the law.

Further question is also raised that the court should have held plaintiff chargeable with contributory negligence as a matter of law because, when injured, he was attempting to clean or wipe the die of the machine with his hand instead of employing a stick with cotton waste, as defendant claimed was the proper method; but there was testimony tending to show that plaintiff was cleaning the die in the manner which was there customary and that the foreman had given instructions to brush or clean the die with the hand. It was, therefore, a jury question whether plaintiff was using reasonable care.

7. NEGLIGENCE: customary way of doing act: contributory negligence per se.

VI. Finally it is said the damages allowed are excessive. The plaintiff when injured was a young man under age, had several months' experience in the defendant's shops and was earning $1.65 per day. His right hand was crushed in such a manner as to necessitate the amputation of the fourth finger and a part of the palm. He was eight days in the hospital and for several months was unable to perform labor. He suffered considerable pain. The injury is necessarily permanent, must naturally interfere to a greater or less extent with the use and efficiency of his hand and constitutes an ineffaceable disfigurement. Under such circumstances, we cannot say that a verdict for $1,950 is so great or so unreasonable that the court should interfere with it.

8. DAMAGES: excessive verdict—$1,950.

Other questions suggested by counsel are, so far as material, governed by the conclusions we have already announced in the foregoing paragraphs. The record discloses no prejudicial error and the judgment below is therefore—*Affirmed.*

DEEMER, C. J., EVANS and PRESTON, JJ., concur.